Dear Chief Doyle:
You have requested an opinion of the Attorney General in your capacity as Chief of Police for the City of Harahan (City), relative to the legal authority for public employees to reside in public buildings. You specifically ask whether a fireman and his family can reside, rent-free, in an apartment above a volunteer fire department station. The resident pays the utilities.
The constitutional norm for the lawful use of public funds and property is found in Art. VII, Section 14 of the Louisiana Constitution of 1974. Paragraph (A) generally prohibits the loan, pledge or donation of public funds or property. Exceptions to this prohibition are found in Paragraph (B), all of which are inapplicable to the case at hand.
Paragraph (C) of Section 14 authorizes the state and its political subdivisions (i.e., City) to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations or individuals. However, Paragraph (C) merely supplements the prohibition against donations in Section 14(A). It does not create an exemption or exception from the general constitutional norm. The Louisiana Supreme Court has ruled that all cooperative endeavors authorized by Article VII, Section 14(C), must also meet the general standard for the nongratuitous alienation of public funds or property established by Paragraph (A). City of Port Allen v. Louisiana RiskManagement, et al, 439 So.2d 399 (La. 1983).
Despite the authorization of cooperative endeavors, Section 14(A) is, nevertheless, violated whenever the City seeks to give up something of value in the absence of a legal obligation to do so. In other words, only if the transfer of public funds or property is required by a valid legal obligation will it be considered a constitutionally sanctioned cooperative endeavor.
The requirement of a legal obligation to expend public funds or to use public property is the threshold, but not the only predicate, for the constitutionality of the expenditure. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. Attorney General Opinion Nos. 97-471-A, 92-722, 90-651 and 90-392. A public purpose and benefit are presumed where the underlying legal obligation for the expenditure is created by the constitution, a statute or an ordinance.
In the issue before us, the public employee and his family reside in an apartment above a volunteer fire station. We have been advised by representatives of the City that two other volunteer fire department stations (without apartments) are manned only to dispatch vehicles in the event of a fire alarm. In other words, there is no one "on duty" in these stations.
We are unaware, nor have you furnished us with, any valid statutory authority which would constitute a legal obligation for the City to allow such an arrangement. Further, we fail to see the public purpose to be derived from the occupancy.
This office has previously opined in Attorney General Opinion No. 81-1270 that a school board may allow a janitor/bus driver employee to live, rent-free, in a house owned by the board because the occupancy was related to his employment. The employee was charged with the care, custody, preservation and security of school board property. The opinion concluded that the arrangement constituted a public purpose and the benefits derived by the school board were reasonably commensurate to the cost incurred.
Similarly, in Attorney General Opinion No. 80-195, we concluded that an instructor at a vocational technical school could reside in a small mobile trailer located on the premises of the school. In addition to his teaching duties, the employee was responsible for maintaining the grounds and providing security for the equipment stored at the school.
We find the factual scenarios in these two prior opinions to be distinguishable from the facts presented in your request. The benefits to be derived by permitting the public employee and his family to reside in the apartment inure primarily to the employee and his family. The benefits accruing to the City appear to be merely incidental.
Accordingly, it is the opinion of this office that, under the facts presented in your request, it is a violation of Article VII, Section 14(A) for the City to allow a fireman and his family to reside in an apartment above a volunteer fire station.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla